Nash, J.
 

 We do not concur with his Honor, in the view he took of this case. The first objection urged by the defendants, was fully answered by the plaintiff By an Act, passed in the year 1831,
 
 Ch.
 
 154,
 
 Sec.
 
 l,the Court of Pleas and Quarter Sessions of Brunswick county, are required to arrange themselves in classes of five persons, for the purpose of holding the terms of the said Court. By the 3rd section it is enacted, “ that the Justices appointed under this Act, to hold the said County Courts, shall be competent to do, and perform any matter, and exercise all the power and authority, which, by the existing laws of this State, seven Justices are authorised to do,” &c.
 

 By the 6th section, it is provided, “ that in any case, where (by the existing law) a majority of the magistrates are required, and do not attend, those who are present, may proceed to take the sheriff’s bonds,
 
 and do any other business, that a majority is required to do, which shall be as valid, as if done by a majority of said Justices.”
 
 This Act would seem to be sufficiently explicit. When a Court consists
 
 oí
 
 more than two members, a majority is competent to do all the business, which the Court can do when all the members are present, unless the Legislature otherwise direct.
 
 State
 
 v.
 
 Lane,
 
 4 Ired. 450. But to remove all doubt, if any should exist, by the Act of 1835,
 
 Ch.
 
 43,
 
 Sec.
 
 4, it is specially provided, “that the Justices appointed under this Act, to hold said Courts, or a
 
 majority
 
 of them, shall be competent to do, and perform any matter, and exercise all the authority and power, which by the existing laws a majority, or seven magistrates are
 
 *107
 
 required to do.” By the Acts of 1790,
 
 Ch. 331, Sec. 1,
 
 and 1814,
 
 Ch. 872, Sec. 18,
 
 a majority of the acting Justices of the county, were required to be present, to lay the county taxes, and these two Acts were embodied together into one Act in 1836, and in that form are reenacted.
 
 Rev. St. Ch.
 
 28,
 
 Sec.
 
 1. But the Acts of ’31 and
 
 ’35
 
 were not affected by the Act of ’36, for it is provided, “that no Act of a private or local character, &c., shall be construed to be repealed” by it.
 
 Rec. Si. Ch.
 
 1,
 
 Sec, S.
 
 The Acts of’31, and ’35, are local laws, and are in full force in the county of Brunswick, and the tax laid by the Court in 1842, was legally assessed.
 

 We think the second objection made, on the part of the defendants, is equally untenable as the first, so far as the question, involved in this case, is concerned. It is made the official duty of the several sheriffs of the State, to collect the taxes within their respective counties,
 
 Rev. Stat. ch. 102, sec. 43,
 
 and the several clerks of the County Courts are required, within a limited time, to make out and deliver to the sheriff of his county, “ a fair and accurate copy of the returns made, designating therein the separate amount of taxes due, and accruing from each species of property, and the amount due from each individual.” To enable the sheriff to
 
 enforce
 
 by distress the collection of the taxes, from the individual, who has given in his property, as required by law, he must be provided with a copy of the returns in the office of the clerk, duly certified by the clerk, that the tax-payer may see the amount, which he is bound to pay; otherwise he may refuse to pay, and the sheriff cannot distrain his property; the certified copy, is his warrant of distress to collect the taxes,
 
 Slade
 
 v.
 
 the Governor, 3 Dev. 365. Kelly
 
 v.
 
 Craig,
 
 5 Ired. 131; and it is the duty of the sheriff to apply to the clerk in proper time for such a copy. But it is not necessary for him to have the copy, so certified, to enable him to receive the taxes; or indeed any copy. Any individual may, if he please, pay to the
 
 *108
 
 sheriff the amount of his taxes, and his receipt will bo a sufficient discharge, and will be sufficient to charge the sureties of the sheriff, and make them answerable, because the citizen, by reference to the returns in the clerk’s office, may see what amount of taxes is due from him; and the sheriff* is the only person who can rightfully receive them.
 

 On the third point, we think, the defence fails. The 1st section of the 43d chapter of the act of 1844, provides, “ that in actions brought upon the official bonds of sheriffs, and other public officers, &c. when it may be necessary to prove any official default of any of the said officers, any receipt or acknowledgment of such officer, or any other matter or thing which, by law would be admissible, and competent, for, or toward proving the same, against such officer himself, shall, in like manner, be admissible and competent,” against his sureties in any action, where they are defendants. It cannot be questioned, that the acknowledgment of the sheriff, Woodside, was admissible against him, and therefore it was equally competent against his sureties.
 

 Per Curiam. Judgment reversed, and a
 
 venire de novo
 
 awarded.